UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHAKENYA R. ROBERTSON,

                Plaintiff,

    -against-

BACO ENTERPRISES, INC., and BARRY COHEN,
as Owner and President of BACO ENTERPRISES, INC.,
and Individually,

                Defendants.
------------------------------------------------------------X

Docket No.: **FILED**
COMPLAINT JUN 23 2008
USDC WP SDNY

PLAINTIFF DEMANDS A
JURY TRIAL

08 CIV. 5629
JUDGE PRESKA

        Plaintiff, **SHAKENYA R. ROBERTSON**, by her attorneys, Law Office of **ROBERT DAVID GOODSTEIN, ESQ.**, complaining of defendants, alleges as follows:

        1.    This is an action brought pursuant to the Family and Medical Leave Act of 1993(FMLA), and the N.Y. Labor Law §160 *et seq*. Jurisdiction of this Court is established pursuant to 29 U.S.C. §2617(a)(2) 29 U.S.C. §2601 *et seq.*, and 28 U.S.C. §§1331 and 1337. Supplemental jurisdiction over the State claim is conferred by 28 U.S.C. §1367(a).

## PARTIES

        2.    Plaintiff, SHAKENYA R. ROBERTSON, resides in the Bronx County, State of New York.

        3.    Plaintiff, on information and belief, is an eligible employee as defined under the Family and Medical Leave Act of 1993, in the she was employed by defendants for at least 12 months prior to her request for leave, and she worked at least 1,250 hours with said defendants during the previous 12 month period. 29 U.S.C. §2611(2).

4. Defendant BACO ENTERPRISES, INC. ("BACO"), with offices at 1190 Longwood Ave, Bronx, New York 10474, is an "employer" within the meaning of the FMLA and is, therefore, subject to the Family and Medical Leave Act of 1993. 29 U.S.C. §2611. On information and belief, defendant BACO ENTERPRISES, INC. is engaged in commerce, or in industry or activity affecting commerce, and employs 50 or more workers for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year of plaintiff's employment with BACO. On information and belief, defendant BACO ENTERPRISES, INC. employed plaintiff, SHAKENYA ROBERTSON, at a work site where it employed more than 50 employees.

5. At all times herein mentioned, defendant BARRY COHEN ("COHEN") was the owner and manager of defendant BACO and was plaintiff's supervisor.

6. Defendant Cohen as an "employer" within the meaning of the FMLA.

7. Defendant Cohen is an "employer" for the purposes of the New York State Labor Law (Labor Law §190 *et seq.*).

## FACTS

8. Plaintiff began her employment with defendants as a full-time receptionist on February 22, 2004. This employment continued without break until the date of her termination on September 6, 2007.

9. Defendants had a policy and practice of requiring plaintiff to work in excess of 40 hours per week. Plaintiff was required to work from 7:00 a.m. to 4:30 p.m., Monday through Friday, or 47 ½ hours per week.

10. Plaintiff was not permitted to take a lunch break and was required daily to eat at her desk while continuing to work and answer telephones.

11. Defendants denied plaintiff the required break time in violation of New York Labor Law §162.2.

12. Commencing in or about late August 2007 up through September 6, 2007, plaintiff advised defendants that plaintiff's daughter was to undergo eye surgery on September 7, 2007, and that plaintiff had been advised by the doctor to remain home from work for one week to administer medication to and to care for plaintiff's daughter. Plaintiff provided to Defendant a note from her daughter's medical provider confirming plaintiff's daughter's course of treatment and Plaintiff's request for FMLA Leave.

13. This surgical treatment to be rendered to plaintiff's daughter qualified as a "serious health condition" pursuant to the Family and Medical Leave Act.

14. In early September 2007, plaintiff had a meeting with defendant Cohen at which plaintiff again asked defendant Cohen if he had approved for plaintiff to take off one week to care for her daughter. Plaintiff was not given a definitive answer.

15. On the morning of Thursday, September 6, 2007, plaintiff again requested of defendant Cohen an answer to her request for the following week off to care for her daughter post-surgery. Plaintiff still was not given a definitive answer.

16. At approximately 3:30 p.m. on that same Thursday, September 6, 2007, the day before Plaintiff's daughter's scheduled surgery, defendant Cohen approached plaintiff, cursed at plaintiff and told plaintiff to leave the premises, thereby terminating plaintiff's employment.

### AS AND FOR A FIRST CAUSE OF ACTION
### Violation of the FMLA

17. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs numbered "1" through "16" as though fully set forth herein.

18. Plaintiff's daughter suffered from a serious health condition of which defendants became aware in or after August 2007 when plaintiff requested leave.

19. Defendants intentionally and wilfully failed or refused to allow plaintiff to take a FMLA leave to care for her daughter post-surgery.

20. Defendants intentionally and wilfully retaliated against plaintiff when they terminated plaintiff's employment because plaintiff tried to exercise her right to take leave under the FMLA.

21. By denying plaintiff's request and by refusing to allow Plaintiff a one week approved leave, pursuant to the Family and Medical Leave Act, and then terminating plaintiff, defendants interfered with plaintiff's rights of entitlement to leave and violated the Family and Medical Leave Act.

22. Accordingly, defendants jointly and severely violated the Family and Medical Leave Act of 1993, by refusing to allow plaintiff to take leave, in violation of 29 U.S.C. §2612 and 2615, and by terminating Plaintiff's employment.

### AS AND FOR A SECOND CAUSE OF ACTION
### Violation of the Family and Medical Leave Act

23. Plaintiff repeats and re-alleges each allegation contained in each preceding paragraphs "1" to "22" as though fully set forth herein.

24. At all times mentioned, defendant COHEN, the managing owner and a corporate officer of defendant BACO, acted, directly or indirectly, in the interest of the employer, defendant

BACO to the employees of defendant BACO. Defendant COHEN had control over the terms and conditions of employees', including Plaintiff's, employment, including the authority to hire and fire employees of defendant BACO, to supervise and control employee work schedules, to determine employees' rates and method of payment, and COHEN exercised control in whole or in part over Plaintiff's ability to take leave of absence and to return to her position.

25. Defendant COHEN did terminate Plaintiff's employment on September 6, 2007.

26. Plaintiff's termination by Defendant COHEN was a direct act of reprisal or retaliation for Plaintiff having requested to take FMLA leave.

27. Defendant COHEN's conduct in terminating Plaintiff in retaliation for Plaintiff's request for leave violated the FMLA.

28. Defendant COHEN's action in terminating Plaintiff was wilful and intentional.

### AS AND FOR A THIRD CAUSE OF ACTION
### Violation of the New York State Labor Law

29. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs "1" through "28" as though fully set forth herein.

30. At all relevant times, defendant BACO was plaintiff's employer within the meaning of N.Y. Labor Law §§ 2.

31. Defendant BACO failed to allow plaintiff at least thirty (30) minutes off during the working day for a noon day meal in violation of N.Y. Labor Law §§ 162.

32. Defendant BACO's failure to allow plaintiff a noon day meal time off daily was wilful and intentional within the meaning of N.Y. Lab. Law §162.

33. Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff requests that this Court enter an Order in favor of Plaintiff and against Defendants BACO and COHEN determining:

### On the Family and Medical Leave Act Causes of Action:

(1) An amount equal to back wages, benefits and pension, for Plaintiff from September 6, 2007;

(2) Interest on the above described amount calculated at the prevailing rate;

(3) An additional amount as liquidated damages equal to the sum of the amount described above including interest;

(4) Employment reinstatement;

(5) Reasonable attorneys' fees pursuant to 29 U.S.C. §2617; and

(6) Reasonable expert witness fees and other costs of the action pursuant to 29 U.S.C. §2617.

### On the New York State Labor Law Cause of Action

(a) That Defendants violated the New York State Labor Law;

(b) Declaring that Defendants' violation of the New York State Labor Law was wilful; and

(c) Awarding Plaintiff any payment due to her for all lunch time hours worked during her period of employment with Defendants;

And for such other and further relief this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues properly before this Court and all questions of fact raised by this Complaint.

DATED:  New Rochelle, New York
        June 20, 2008

                                      Law Office of
                                      ROBERT DAVID GOODSTEIN, ESQ.

BY: _____
      Paula Johnson Kelly, Esq (PJK8889)
      Attorneys for Plaintiff
      56 Harrison Street, Suite 401
      New Rochelle, New York  10801
      (914)632-8382