UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404

ATTORNEYS OF RECORD:
    Wendy J. Mellk, Esq. (WM1515)
    David S. Greenhaus, Esq. (DG0466)

*VIA ECF*

------------------------------------------------------------x

SHAKENYA R. ROBERTSON,

                Plaintiff,

    -against-

BACO ENTERPRISES, INC., AND BARRY
COHEN as Owner and President of BACO
ENTERPRISES, INC., and Individually,

                Defendants.

------------------------------------------------------------x

Civ. No.: 08-CIV-5629

## ANSWER TO PLAINTIFF'S COMPLAINT

TO:    PAULA JOHNSON KELLY, ESQ.
        LAW OFFICE OF ROBERT DAVID GOODSTEIN
        *ATTORNEYS FOR PLAINTIFF*
        56 Harrison Street, Suite 401
        New Rochelle, NY 10801
        (516)328-8899

        Defendants, Baco Enterprises, Inc. ("Baco"), and Barry Cohen as Owner and President of Baco Enterprises, Inc. ("Cohen"), and Individually (collectively referred to herein as "Defendants"), by and through their undersigned counsel, as and for their Answer to Plaintiff's Complaint, state as follows:

1. Defendants deny the allegations contained in paragraph "1" of the Complaint, except admit that Plaintiff purports to bring an action pursuant to the Family and Medical Leave Act of 1993 and the N.Y. Labor Law and that she attempts to invoke the jurisdiction of this Court. Defendants explicitly deny that Plaintiff has pleaded a claim upon which relief could be granted and denies that she is entitled to any relief whatsoever.

## AS TO "PARTIES"

2. Defendants deny knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in paragraph "2" of the Complaint.

3. The allegations contained in paragraph "3" are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "3."

4. Defendants admit that Baco had an office located at 1190 Longwood Avenue, Bronx, New York, that it employed 50 or more workers at that facility and that Plaintiff was employed there. The remainder of the allegations contained within paragraph "4" are legal conclusions to which no response is required.

5. Defendants admit that Barry Cohen is the owner of Baco, and otherwise deny the allegations contained within paragraph "5" of the Complaint..

6. The allegations contained in paragraph "6" are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "6."

7. The allegations contained in paragraph "7" are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "7."

## AS TO "FACTS"

8. Defendants admit that Plaintiff's employment with Baco as a receptionist ceased on September 6, 2007, deny the remaining allegations contained in paragraph "8" of the Complaint and aver that Plaintiff voluntarily resigned her employment, she was terminated.

9. Defendants deny the allegations contained in paragraph "9" of the Complaint, except admit that Plaintiff regularly was scheduled to work Monday through Friday each week.

10. Defendants deny the allegations contained in paragraph "10" of the Complaint.

11. Defendants deny the allegations contained in paragraph "11" of the Complaint.

12. Defendants deny each and every allegation contained in paragraph "12" of the Complaint.

13. The allegations contained in paragraph "13" are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "13."

14. Defendants deny each and every allegation contained in paragraph "14" of the Complaint.

15. Defendants deny each and every allegation contained in paragraph "15" of the Complaint.

16. Defendants admit that on September 6, 2007, after she was unprofessional and insubordinate during the day, Cohen informed Plaintiff she should leave the premises. Defendants lack knowledge and information sufficient to form a belief as to whether or not

Plaintiff's daughter was scheduled to have surgery on September 7, 2007, otherwise deny the remaining allegations contained in paragraph "16" of the Complaint, and aver that Plaintiff voluntarily resigned her employment on September 5, 2007, stating that the following day, September 6, 2007 would be her last day of employment.

## AS AND "FOR A FIRST CAUSE OF ACTION"
### Violation of the FMLA

17. Defendants repeat and incorporate by this reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "16," as if said statements were repeated herein at length and deny each and every allegation not admitted unequivocally hereinabove.

18. The allegations contained in paragraph "18" are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph "18," except deny knowledge or information sufficient to form a belief as to the status of Plaintiff's daughter's health.

19. Defendants deny the allegations contained in paragraph "19" of the Complaint, except deny knowledge or information sufficient to form a belief as to the status of Plaintiff's daughter's health.

20. Defendants deny the allegations contained in paragraph "20" of the Complaint.

21. Defendants deny the allegations contained in paragraph "21" of the Complaint.

22. Defendants deny the allegations contained in paragraph "22" of the Complaint.

## AS TO "FOR THE SECOND CAUSE OF ACTION"
### Violation of the Family and Medical Leave Act

23. Defendants repeat and incorporate by this reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "22," as if said statements were repeated herein at length and deny each and every allegation not admitted unequivocally hereinabove.

24. Defendants admit the allegations contained in paragraph "24" of the Complaint., except deny that Defendant Cohen is a managing owner of Baco.

25. Defendants deny the allegations contained in paragraph "25" of the Complaint.

26. Defendants deny the allegations contained in paragraph "26" of the Complaint.

27. Defendants deny the allegations contained in paragraph "27" of the Complaint.

28. Defendants deny the allegations contained in paragraph "28" of the Complaint.

## AS TO "FOR THE THIRD CAUSE OF ACTION"
### Violation of the New York State Labor Law

29. Defendants repeat and incorporate by this reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "28," as if said statements were repeated herein at length and deny each and every allegation not admitted unequivocally hereinabove.

30. The allegations contained in paragraph "30" are legal conclusions to which no response is required.

31. Defendants deny the allegations contained in paragraph "31."

32. Defendants deny the allegations contained in paragraph "32" of the Complaint.

33. Defendants deny the allegations contained in paragraph "33" of the Complaint.

## AS TO THE "WHEREFORE" CLAUSE

34. Defendants deny the allegations contained in the "Wherefore" clause, inclusive of sub-paragraphs (1)-(6) and (a)-(c), and further deny that Plaintiff has pleaded a claim upon which relief could be granted and deny that she is entitled to any relief whatsoever.

## AS TO "JURY TRIAL DEMAND" CLAUSE

35. Defendants admit Plaintiff purports to demand a jury trial, but deny that Plaintiff has pleaded a claim upon which relief could be granted and denies that she is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

36. The Complaint should be dismissed, in whole or in part, because it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

37. The Complaint should be dismissed because all actions undertaken by Defendants with respect to Plaintiff were undertaken for legitimate, non-discriminatory and non-retaliatory reasons.

### THIRD AFFIRMATIVE DEFENSE

38. Plaintiff's claims should be dismissed to the extent that Plaintiff did not satisfy all jurisdictional prerequisites or conditions precedent to suit.

### FOURTH AFFIRMATIVE DEFENSE

39. To the extent that Plaintiff failed to make good faith and diligent efforts to mitigate her purported damages and injuries, any relief awarded to Plaintiff should be denied or diminished, in whole or in part.

### FIFTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitation.

### SIXTH AFFIRMATIVE DEFENSE

41. In the event that it is concluded that a prohibited factor motivated any act alleged by Plaintiff against Defendants, the same acts would have been undertaken even absent said alleged discriminatory motive and, as such, Plaintiff is not entitled to any relief.

### SEVENTH AFFIRMATIVE DEFENSE

42. To the extent that Plaintiff's claims are compensable, in whole or in part, under any State's Workers' Compensation Law, those claims are barred by the exclusive remedy provision contained in said Workers' Compensation Law.

### EIGHTH AFFIRMATIVE DEFENSE

43. To the extent that Plaintiff engaged in acts of misconduct prior to or during employment which, if known by Defendants, would have resulted in termination of Plaintiff's employment, any relief awarded to Plaintiff should be reduced, in whole or in part.

## NINTH AFFIRMATIVE DEFENSE

44. At all times relevant hereto, Defendants acted in good faith toward Plaintiff and did not violate any rights which may be secured to Plaintiff under federal, state or local laws, rules, regulations or guidelines.

## TENTH AFFIRMATIVE DEFENSE

45. To the extent that Plaintiff's federal claim is dismissed as against Defendants, Plaintiff's state law claims should be dismissed as well for lack of subject matter jurisdiction, pursuant to, inter alia, 28 U.S.C. §1367(c).

## ELEVENTH AFFIRMATIVE DEFENSE

46. Plaintiff is not entitled to a trial by jury as to any issue of law or fact relating to Plaintiff's alleged entitlement to any form of equitable relief.

## TWELFTH AFFIRMATIVE DEFENSE

47. Plaintiff's alleged damages, if any, were incurred as a result of her own conduct (including, but not limited to, her decision to resign), not the conduct of Defendants and, as such, she cannot recover, inter alia, allegedly lost benefits, wages or other relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

49. To the extent Plaintiff is exempt from eligibility for overtime compensation pursuant to the N.Y. Labor Law, she is not entitled to overtime compensation under New York law pursuant to the New York Miscellaneous Wage Order.

## FIFTEENTH AFFIRMATIVE DEFENSE

50. Plaintiff has been paid all wages due and, as such, cannot state a claim upon which relief could be granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

51. Defendants always allowed Plaintiff to take a thirty minute lunch period.

## SEVENTEENTH AFFIRMATIVE DEFENSE

52. At all relevant times, Plaintiff was not entitled to leave under the Family and Medical Leave Act because her leave would not have been in order to care for the serious health condition of a spouse, son, daughter or parent, or because of any alleged serious health condition suffered by Plaintiff which rendered her unable to perform the functions of her job.

## EIGHTEENTH AFFIRMATIVE DEFENSE

53. Plaintiff's Complaint fails, in whole or in part, because of Plaintiff's failure to provide sufficient notice for Defendants about the alleged need for personal or family-related medical leave as required by the FMLA.

**WHEREFORE**, Defendants pray that the Court:

a. dismiss the Complaint with prejudice;

b. deny each and every demand, claim and prayer for relief contained in the Complaint;

c. award Defendants reimbursement for reasonable attorneys' fees and costs incurred in defending this spurious and vexatious action; and,

d. grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
       August 4, 2008

                                      Respectfully submitted,

                                      JACKSON LEWIS LLP
                                      *Attorneys for Defendants*
                                      58 South Service Road, Suite 410
                                      Melville, New York 11747
                                      (631) 247-0404

                   By: _____
                                      Wendy J. Mellk (WM-1515)
                                      David S. Greenhaus (DG-0466)

I:\Clients\B\126707\Pleadings\Answer to Complaint.doc